## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, <br><br> Judy M. Rowell, <br><br> Debtor. <br><br> American General Financial Services, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Judy M. Rowell, <br><br> Defendant. | C/A No. 10-03625-DD <br><br> Adv. Pro. No. 10-80120-DD <br><br> Chapter 7 <br><br> **ORDER** |

This matter is before the Court on American General Financial Services, Inc.'s ("Plaintiff") Motion for Default Judgment against Judy M. Rowell ("Debtor"). Plaintiff commenced this adversary case against Debtor by the filing of a Complaint on August 17, 2010. A summons was properly served on Debtor on August 18, 2010, which indicated that Debtor's Answer was due September 17, 2010. Debtor failed to respond by that date, and the Clerk of Court entered Debtor's default on October 18, 2010. Plaintiff has now requested a judgment against Debtor.

Debtor filed for chapter 7 relief on May 20, 2010. She received a discharge and her case was closed on October 25, 2010. Plaintiff filed an adversary Complaint against Debtor based on 11 U.S.C. § 523(a)(2) on August 17, 2010. Plaintiff's Complaint alleges that Debtor entered into a loan agreement with Plaintiff on April 20, 2010, one month before her bankruptcy case, for a $2,000 loan that Debtor was required to repay in monthly installments. Plaintiff alleges that Debtor acted in bad faith by entering into the loan agreement one month before bankruptcy and that Debtor "obtained secured debt with the intention of attempting to avoid the lien." Complaint

of the Plaintiff, docket entry no. 1. Plaintiff requests that the Court declare its lien nondischargeable pursuant to section 523(a)(2).

Motions for default judgment are not granted simply because a defendant has defaulted. *See In re Thanh v. Truong*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002) ("Although the Debtor has failed to plead, a motion for judgment by default is not granted as a matter of right."). Instead, the court must determine whether the default judgment <u>should</u> be granted and can conduct a hearing on the matter if it so chooses. *Id.* (emphasis added). A court should not grant default judgments freely, and "where the allegation is one of fraud, it is appropriate that the court [evaluate] . . . the evidence to insure that the drastic remedy of a determination of nondischargeability is not entered without the presentation of a prima facie case." *Id.* (quoting *United Counties Trust Co. v. Knapp*, 137 B.R. 582, 585 (Bankr. D.N.J. 1992)) (alterations original). "Exceptions to discharge must be strictly construed in favor of the Debtor in order to effectuate the fresh start policy of bankruptcy." *Id.* at 745. The creditor has the burden of proof on nondischargeability, and must prove its claim by a preponderance of the evidence. *In re Team Motorsports, Inc.*, 227 B.R. 427, 430 (Bankr. D.S.C. 1998) (citations omitted).

An entry of default means the allegations against the defaulting party are deemed admitted. This means little where the complaint does not set forth the facts necessary to independently support a judgment.

11 U.S.C. § 523(a)(2), the relevant section here, provides that an individual debtor will not be discharged of a particular debt for "money, property, services, or an extension, renewal, or refinancing of credit" if obtained by "false pretenses, a false representation, or actual fraud, other

than a statement respecting the debtor's or an insider's financial condition"[1] or by "use of a statement in writing –

(1) that is materially false;

(2) respecting the debtor's or an insider's financial condition;

(3) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(4) that the debtor caused to be made or published with intent to deceive."[2]

Section 523(a)(2)(C)(i) provides that certain debts for luxury goods purchased or cash advances received shortly before filing a bankruptcy petition are presumed nondischargeable. The Plaintiff's Complaint does not allege the purchase of a luxury good or the receipt of a cash advance.

A prima facie case for fraud under section 523(a)(2) requires proof of the following elements: "(1) the debtor made representations; (2) knowing them to be false; (3) with the intent and purpose of deceiving [the creditor]; (4) upon which representations [the creditor] actually and justifiably relied; and (5) which proximately caused the alleged loss or damage sustained by [the creditor]." *Thanh*, 271 B.R. at 744–45. *See also Team Motorsports*, 227 B.R. at 430. The cases often turn on the issue of a debtor's intent. South Carolina courts have generally followed a totality of the circumstances approach, using a non-exclusive list of factors to determine the debtor's intent with regard to a debt incurred a short time before a bankruptcy filing. *Team Motorsports,* 227 B.R. at 431 (listing factors to consider with respect to section 523(a)(2)(A) cases involving credit cards).

---

[1] 11 U.S.C. § 523(a)(2)(A).
[2] 11 U.S.C. § 523(a)(2)(B).

The standard the Court should use to determine Debtor's intent with regard to the loan agreement is immaterial here, because Plaintiff's Complaint is clearly insufficient to support a default judgment. Plaintiff has failed to set forth sufficient allegations in its Complaint to prove the five elements of fraud listed above; in fact, Plaintiff has not alleged facts to prove any of those five factors. Plaintiff's Complaint simply states that it believes Debtor acted in bad faith and with the intention to not repay the loan. Plaintiff has not alleged any specific representations made by Debtor indicating her intention with regard to repayment of the loan. Additionally, Plaintiff has not included in its Complaint any statements regarding its reliance on Debtor's representations or the harm that it incurred as a result of such representations. Plaintiff should not be entitled to its requested relief, as it has not made a prima facie showing of nondischargeability under section 523(a)(2).[3] *See In re Hampson*, 429 B.R. 360, 364 (Bankr. N.D. Ga. 2009) (concluding that the complaint is insufficient and therefore default judgment should not be granted, stating, "Essentially, the Plaintiff argues that fraud exists because the Debtor used the [credit] card for transactions while insolvent, the Debtor did not have the current or prospective ability to pay, and did not pay. These allegations alone do not state a claim for relief because they do not demonstrate a subjective, fraudulent intent."); *In re Thanh v. Truong*, 271 B.R. 738 (Bankr. D. Conn. 2002) (finding that the creditor had not made a sufficient showing for an entry of default judgment, but scheduling a further hearing to allow the creditor to present testimony); *In re Sziel*, 206 B.R. 490, 494 (Bankr. N.D. Ill. 1997) (finding that the creditor had failed to make a sufficient showing to be awarded a default judgment, when its only evidence of fraud was the debtor's purchases prior to filing bankruptcy, and it presented no evidence from which the court could "infer that the Debtor did not intend to repay the charges").

---

[3] The Court also notes that Plaintiff's Complaint fails to cite a specific subsection of section 523(a)(2) on which it relies, but simply refers to section 523(a)(2) generally.

## **CONCLUSION**

While a sufficiently pled Complaint would not require a hearing, Plaintiff's Complaint fails to set forth sufficient facts and allegations to support the granting of a default judgment simply on the basis of the Complaint.  The Court will give Plaintiff a further opportunity to present evidence on the matter at a hearing if it so chooses.  If Plaintiff wishes to have a hearing, it must request one from the Court within fourteen (14) days of the entry of this Order. At that hearing, Plaintiff will be required to present evidence sufficient to make a prima facie showing with respect to the five elements of fraud set forth above. However, if Plaintiff fails to request such a hearing, its request for default judgment will be denied and its adversary case against Debtor will be dismissed.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/10/2010**



Entered: 11/12/2010

David R. Duncan
US Bankruptcy Judge
District of South Carolina